## CARTER et al. v. FIRST NAT. BANK OF GROVETON.

### No. 9698.

Court of Civil Appeals of Texas. Galveston.

Dec. 23, 1931.

Rehearing Denied Feb. 4, 1932.

W. A. Cook, of Groveton, for appellants.

O. H. Crow, Hayne Nelms, and Max M. Rogers, all of Groveton, for appellee.

GRAVES, J.

The appellee bank brought this suit against Tom Carter on his two promissory notes in the aggregate sum of $1,249.65, including interest and attorney's fees, and for foreclosure of his two chattel mortgages given in security for the debt of the respective dates of March 2, 1928, and February 1, 1930, the first mortgage conveying sixteen head or more of cattle, the second one conveying all the cattle that Tom Carter then owned; both mortgages provided that all cattle belonging to Tom Carter were marked smooth crop off each ear, and branded 11 on the right hip, including all increase of such cattle, and specifically set out that the mortgages covered all cattle owned by Tom Carter in any mark or brand, and their increase, that were situated in Trinity county, Tex.

Tom Carter delivered to the appellee bank some cattle as being covered by the mortgages, but refused to deliver eight other head it claimed were owned by him and secured in the mortgages, whereupon through the aid of a writ of sequestration the eight head were taken into the possession of the sheriff of Trinity county and held to await the result of this suit.

Tom Carter answered by general denial and by special allegation to the effect that the eight head of cattle belonged to his minor children, Ruby and Henry Carter, same having been purchased by his deceased first wife with money she received from the federal government while he himself was away in the late war.

On February 16, 1931, these minors, by their next friend, Tom Carter, intervened in the suit, and set up claim to the eight head of cattle, being practically the same as pleaded by Tom Carter himself in his answer; the appellee filed its replication thereto on March 2, 1931, containing general demurrer, general denial, and special allegation that the eight head of cattle were described in the two mortgages and were the property of Tom Carter.

The case was tried to a jury on special issues, the verdict being that the eight head of cattle claimed by the interveners were in fact the cattle of Tom Carter and were included in the mortgage sued on.

Upon motion of appellee, the court gave judgment in favor of appellee in the sum of $992.65, being the amount due on the principal, interest, and attorney fees of the notes sued on, after allowing the credit of $257 received in the sale of the mortgaged cattle already delivered to it, and foreclosing the mortgage lien on these cattle.

The minor interveners alone appeal, and, having abandoned their bills of exception to the receipt of evidence heard below, present as their sole contention here that there was no competent evidence to support the verdict of the jury and the judgment of the court thereon.

This court has taken the trouble to examine the statement of facts and is unable to agree with appellants, finding the verdict to have been amply supported and judgment thereon in consequence to have been required. It would serve no purpose to recite or even recapitulate the testimony here. As there is no doubt whatever in this court's mind that it supported, if it did not compel, the finding the jury arrived at, the learned trial judge not only submitted the direct inquiry as to whether the eight cattle in controversy were owned by Tom Carter himself, but further in like manner asked the jury whether they at that time belonged to the interveners.

Further discussion is deemed unnecessary, as these conclusions require an affirmance of the judgment; it will be so ordered.

Affirmed.